FILED

2022 Jan-04  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CITY OF CULLMAN, ALABAMA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:21-cv-1482-LCB** |
| | ) | |
| **CULLMAN ELECTRIC** | ) | |
| **COOPERATIVE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION & ORDER

The City of Cullman, Alabama, seeks a judgment declaring that the Cullman Electric Cooperative is subject to taxation under a recently adopted ordinance. (Doc. 1-1 at 4). Cullman Electric—having removed this case from state court—moves to dismiss the City's complaint. (Doc. 3 at 1). The City moves for remand. (Doc. 7 at 1). For the reasons below, the Court grants the City's motion to remand and denies Cullman Electric's motion to dismiss as moot.

## I.     BACKGROUND

This case has a storied history.[1] In 1991, Cullman Electric filed suit against the City of Cullman in the Northern District of Alabama, seeking a declaratory

---

[1] The Court provides many of the following facts strictly for context. To be clear, the Court considers only the face of the City's state-court complaint and Cullman Electric's notice of removal in reaching the legal conclusions below. *See infra* Part III.

judgment that two of the City's then-recently enacted taxes were unlawful under § 13 of the Tennessee Valley Authority ("TVA") Act, 16 U.S.C. § 831*l*. *Cullman Electric Coop. v. City of Cullman*, 5:21-cv-01421-CLS (Doc. 20 at 6) (N.D. Ala. Dec. 17, 2021). The taxes collectively required Cullman Electric to pay 3% of its gross receipts within the City's municipal limits and 1.5% of its gross receipts within the City's "police jurisdiction." *Id.* Ultimately, Judge Edwin L. Nelson, to whom the case was assigned, entered a judgment declaring that the taxes were unlawful under § 13 of the TVA Act. *Id.* at 7. The City did not perfect an appeal. *Id.* at 8 & n.7.

Thirty years later, in October 2021, the City adopted Ordinance No. 2022-03, which establishes a 3% license fee on the gross receipts of any cooperative selling or distributing electricity within the City. *Id.* at 1.[2] Cullman Electric refused to pay the fee and again filed suit against the City in the Northern District of Alabama, seeking a declaratory judgment that the fee is unlawful under Judge Nelson's 1991 judgment and § 13 of the TVA Act. *Id.* at 2–3. In response, the City moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that federal subject matter jurisdiction was lacking over Cullman Electric's complaint. *Id.* at 3.

---

[2] Ordinance No. 2022-03 reads in its entirety as follows: "Schedule AA. Electric Lights and Power Distribution Companies—Each person, firm, cooperative, or corporation selling or distributing electricity in the [City], annually in advance, 3% of gross receipts received by such person, firm, cooperative, or corporation from its operation in the [City] during the preceding year." *Id.* at 1 n.1.

With Cullman Electric's complaint pending before Judge C. Lynwood Smith, Jr., the City filed a separate suit against Cullman Electric in the Circuit Court of Cullman County, Alabama, seeking a declaratory judgment that Cullman Electric is subject to Ordinance No. 2022-03 under Alabama Supreme Court precedent and ALA. CODE §§ 11-50-90, 11-50-91, 11-51-129. (Doc. 1-1 at 4). Cullman Electric, in response, removed the case to this Court,[3] and filed a motion to dismiss[4] and a motion to consolidate the case with the companion case pending before Judge Smith.[5] The City then moved to remand to state court. (Doc. 7 at 1).

Turning back to the companion case, Judge Smith granted the City's motion to dismiss for lack of subject matter jurisdiction in December 2021. *Cullman Electric Coop. v. City of Cullman*, 5:21-cv-01421-CLS (Doc. 20 at 16–17) (N.D. Ala. Dec. 17, 2021). Judge Smith, citing lack of jurisdiction, dismissed the case without considering the substance of Cullman Electric's complaint, the merits of the City's alternative arguments in favor of dismissal, or the legal validity of Judge Nelson's 1991 declaratory judgment. *Id.* at 16. After Judge Smith dismissed the companion case, the City's motion to remand this case became ripe for review. (Doc. 12 at 1; Doc. 14 at 1).

---

[3] (Doc. 1 at 1).

[4] (Doc. 3 at 1).

[5] (Doc. 9 at 1).

## II.    LEGAL STANDARDS

A federal court has subject matter jurisdiction only over cases that fall within the Constitution's limits and a jurisdictional statute. *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1193 (11th Cir. 2020).[6] Under 28 U.S.C. § 1331, federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This is often referred to as "federal-question" jurisdiction. *See, e.g.*, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829 (2002).

Federal-question jurisdiction encompasses three overarching types of claims: (1) those alleging a violation of the United States Constitution; (2) those alleging a violation of a federal statute for which there is an express or implied private remedy; and (3) those alleging a violation of state law where the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9 (1983).

Under 28 U.S.C. § 1441(a), a party may remove a state-court action to federal court when "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d

---

[6] Simply put, subject matter jurisdiction is a court's power to consider the merits of a case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

1337, 1343 (11th Cir. 2009). A "removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). A district court must remand a case to state court when jurisdiction is lacking. 28 U.S.C. § 1447(c).

## III.  DISCUSSION

The Court lacks subject matter jurisdiction over this case. To start, a federal question does not appear on the face of the City's state-court complaint. The City's complaint does not affirmatively allege the violation of any federal law. Instead, the face of the complaint makes clear that this is a suit for declaratory relief under the Alabama Declaratory Judgment Act, ALA. CODE § 6-6-223. (Doc. 1-1 at 2). The complaint alleges that Cullman Electric is subject to Ordinance No. 2022-03 under Alabama Supreme Court precedent and ALA. CODE §§ 11-50-90, 11-50-91, 11-51-129. (Doc. 1-1 at 4). Thus, the face of the City's state-court complaint does not present a federal question.

Cullman Electric's arguments to the contrary are meritless. First, Cullman Electric alleges that the City's complaint "arises from the same nucleus of operative fact" as the companion case pending before Judge Smith. (Doc. 1 at 3). A state claim is not removable simply because it "shares a common nucleus of operative fact" with a separately-filed federal claim. 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE & PROCEDURE § 3722 (Rev. 4th ed. 2021).[7] Accordingly, the Court does not have jurisdiction over this case merely because it arises from the same facts as the companion case. Cullman Electric's first argument therefore fails.

Second, Cullman Electric alleges that Ordinance No. 2022-03 is unlawful under Judge Nelson's 1991 judgment and § 13 of the TVA Act. (Doc. 1 at 5). The mere presence of a federal issue in a state claim "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). For example, a state claim is not removable merely because it implicates preclusion under a prior federal judgment[8] or preemption under a federal statute.[9] Accordingly, the Court does not have jurisdiction over this case simply because Ordinance No. 2022-03 might be unlawful under Judge Nelson's 1991 judgment and/or § 13 of the TVA Act. Cullman Electric's second argument therefore fails.

Because Cullman Electric has not shown that a federal question exists on the face of the City's state-court complaint, the Court concludes that subject matter jurisdiction is lacking. The Court therefore remands this case without considering

---

[7] *See also Keene v. Auto Owners Ins. Co.*, 78 F. Supp. 2d 1270, 1274 (S.D. Ala. 1999) (holding that a defendant may not "remove an otherwise unremovable case for consolidation with a related federal action"); *PACA, Inc. v. Nat'l Union Fire Ins. Co.*, 2007 WL 98722, at *5 (M.D. Ala. Jan. 11, 2007) (same).

[8] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 472 (1998).

[9] *Franchise Tax Bd. of Cal.*, 463 U.S. 1, 9 (1983).

the merits of the City's complaint, the legal validity of Judge Nelson 1991 declaratory judgment, or the preemptive effects—if any—of § 13 of the TVA Act on Ordinance No. 2022-03.

## IV.   CONCLUSION

For these reasons, the Court **GRANTS** the City's motion to remand (Doc. 7), **REMANDS** this case to the Circuit Court of Cullman County, Alabama, and **DENIES** Cullman Electric's motion to dismiss (Doc. 3) as moot.

**DONE** and **ORDERED** January 4, 2021.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE